IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE PENSION, WELFARE AND VACATION FRINGE BENEFIT FUNDS OF IBEW LOCAL 701,<br>                   Plaintiffs<br>vs.<br>GREAT LAKES ELECTRICAL CONTRACTORS, INC., an Illinois corporation,<br>                   Defendant. | No. 17 CV 6428<br><br>Judge<br><br>Magistrate Judge |

## COMPLAINT

NOW COME the Plaintiffs, TRUSTEES OF THE PENSION, WELFARE AND VACATION FRINGE BENEFIT FUNDS OF IBEW LOCAL 701 (the "FUND"), by their attorneys, ARNOLD AND KADJAN, LLP, DONALD D. SCHWARTZ, and ANDREW S. PIGOTT, and for their Complaint against Defendants GREAT LAKES ELECTRICAL CONTRACTORS, INC., an Illinois corporation ("GREAT LAKES"), state as follows:

1. (a) Jurisdiction of this cause is based upon Section 301 of the National Labor Relations Act as amended, 29 U.S.C. §185(a), as hereinafter more fully appears.

(b) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132 ("ERISA"), as hereinafter more fully appears.

2. (a) The Plaintiffs are the TRUSTEES OF THE PENSION, WELFARE AND VACATION FRINGE BENEFIT FUNDS OF IBEW LOCAL 701, a labor organization engaged in the representation of electrical workers in DuPage County, Illinois. Local 701 has been chartered by, and is affiliated with, the International Brotherhood of Electrical Workers (hereinafter also referred to as "IBEW" and "International"). Local 701's office is located at 28600 Bella Vista Parkway, Suite 1110, in Warrenville, Illinois 60555. Local 701 is governed

pursuant to Local Union By-Laws (hereinafter referred to as "By-Laws") and the Constitution of the International Brotherhood of Electrical Workers (hereinafter referred to as "Constitution").

    (b)  The Pension Fund, Welfare Fund, and Vacation Fund (together called "the Funds") have been established pursuant to collective bargaining agreements heretofore entered into between the International Brotherhood of Electrical Workers Local 701 (the "Union") and certain employer associations whose members employ members of the Union, and the Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws.  The Funds are administered by the Plaintiffs as the presently acting trustees thereof, pursuant to the terms and provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and the terms and provisions of the Agreements and Declarations of Trust which established the Funds.

  3.  (a)  Defendant GREAT LAKES resides within this jurisdictional district.

    (b)  Defendant GREAT LAKES is an employer engaged in an industry affecting commerce.

    (c)  Defendant GREAT LAKES has its principal place of business located at 1316 Old Skokie Valley Road, Highland Park, Illinois 60035.

  4.  Since on or before July 1, 2013, Defendant GREAT LAKES, authorized DuPage County Division, Illinois Chapter N.E.C.A., Inc. (hereafter "NECA") as its collective bargaining representative for all matters contained in or pertaining to the collective bargaining agreement then in force, and thereafter, between NECA and the Union.

  5.  Since before 1972, NECA, a multi-employer bargaining association authorized to negotiate and execute collective bargaining agreements on behalf of its members and authorizing

employers, has entered into successive collective bargaining agreements with the Union on behalf of its members, and continues those functions to the present day.

6. By virtue of certain provisions contained in the collective bargaining agreements, Article VI, Section 5 of Amendment No. 1 of the Pension Fund Declarations of Trust, Article VI, Section 5 of the Welfare Fund Declarations of Trust and Article VII, Section 5 of the Vacation Fund Declarations of Trust to which Defendant GREAT LAKES, is bound, Defendant GREAT LAKES has agreed to make fringe benefit contributions on behalf of certain of its employees, calculated in relation to the gross wages of said employees, and when given reasonable notice by the Trustees of said Funds or the Trustees' representatives, has agreed to submit its books and records to an independent auditor to determine whether or not said Defendant is in compliance with its duties under ERISA, 29 U.S.C. §1132(g)(2)(A), the various collective bargaining agreements and the declarations of trust to which Defendant has assented.

7. In the event a delinquency is shown to be due and owing, Defendant GREAT LAKES has agreed to be liable for all costs, ten percent delinquency penalty and reasonable attorneys' fees, pursuant to Article VI, Section 4 of Amendment No. 1 of the Pension Fund Declarations of Trust, Article VI, Section 7 of the Welfare Fund Declarations of Trust and Article VII, Section 7 of the Vacation Fund Declarations of Trust.

8. Independent of said Declarations of Trust to which Defendant has assented, Defendant GREAT LAKES is liable for costs pursuant to 29 U.S.C. §1132(g)(2)(E), a twenty percent penalty in liquidated damages pursuant to 29 U.S.C. §1132(g)(2)(C)(ii), attorneys' fees pursuant to 29 U.S.C. §1132(g)(2)(D), and prejudgment interest pursuant to 29 U.S.C. §1132(g)(2)(B).

9. Since on or before July 1, 2013, Defendant, GREAT LAKES, has admitted, acknowledged and ratified the collective bargaining agreements entered into between NECA and

the Union by the filing of periodic report forms with the Funds and by its making some but not all of the periodic payments to the Funds as required by such agreements.

10. Plaintiffs have caused an audit to be performed on Defendant GREAT LAKES' complete books and records for the period of July 1, 2013 through September 30, 2016.

11. Pursuant to the audit, the Defendant GREAT LAKES is known to owe the following delinquencies:

| | |
|---|---|
| Audit Findings: | $12,844.19 |
| 10% Delinquency: | $ 1,284.42 |
| Audit Costs: | $    840.00 |
| TOTAL: | $14,968.61 |

WHEREFORE, Plaintiffs pray:

A. That judgment be entered for Plaintiffs and against Defendant GREAT LAKES, in the amount of $14,968.61 shown to be due on the audit performed for the period of July 1, 2013 through September 30, 2016 pursuant to 29 U.S.C. §1132(g)(2)(A) and the aforesaid Declarations of Trust.

B. That Plaintiffs be awarded their costs herein, as follows:

(1) Twenty percent in liquidated damages pursuant to 29 U.S.C. §1132(g)(2)(C)(ii), and the aforesaid collective bargaining agreements and trust declarations to which Defendant has assented;

(2) A ten percent penalty pursuant to the aforesaid collective bargaining agreements and trust declarations to which Defendant has assented;

(3) Audit costs pursuant to 29 U.S.C. §1132(g)(2)(E), and the collective bargaining agreements and trust declarations to which Defendant has assented;

(4) Attorneys' fees pursuant to 29 U.S.C. §1132(g)(2)(D), and the collective bargaining agreements and trust declarations to which Defendant has assented; and

(5) Prejudgment interest pursuant to 29 U.S.C. §1132(g)(2)(B).

C. That pending final determination of this cause, Defendant GREAT LAKES be enjoined from violating the aforesaid collective bargaining agreements and enjoined from failing to make timely payments to the Funds as set forth; and that upon final adjudication of the cause Defendant GREAT LAKES be permanently so enjoined.

D. That the court grant Plaintiffs such other and further relief as it may deem appropriate in the circumstances.

                        TRUSTEES OF THE PENSION, WELFARE AND VACATION FRINGE BENEFIT FUNDS OF IBEW LOCAL 701,

By: /s/ Andrew S. Pigott
One of Plaintiffs' Attorneys

Donald D. Schwartz
Andrew S. Pigott
ARNOLD & KADJAN, LLP
35 E. Wacker Dr., Suite 600
Chicago, Illinois 60601
Telephone (312) 236-0415
Facsimile (312) 341-0438